## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ANDREW CHABALLA, as Next of Kin of LAVERNE SOMERS, Deceased, and ANDREW CHABALLA, as Administrator of the Estate of LAVERNE SOMERS, | ) ) ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| -vs- | ) | Case No. CIV-22-772-F |
| | ) | |
| SP HEALTHCARE MANAGEMENT LLC, MIDWEST GERIATRIC MANAGEMENT LLC, and JUDAH BIENSTOCK, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

### ORDER

The court has an independent duty to inquire into its own subject-matter jurisdiction.  Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006).

The complaint alleges that the court has jurisdiction over this action based upon 28 U.S.C. § 1332 (diversity jurisdiction).  *See*, doc. no. 1, ¶ 32.  Upon review of the jurisdictional allegations, the court concludes they are insufficient to support the exercise of diversity jurisdiction.

It appears from the complaint's allegations that Andrew Chaballa is bringing a survivor action on behalf of the estate of the decedent, Laverne Somers, under 12 O.S. 2021 § 1051, as well as a wrongful death action on behalf of her heirs, under 12 O.S. 2021 § 1053.  *See*, doc. no. 1, ¶¶ 3-5; *see also*, Gaasch Estate of Gaasch v. St. Paul Fire and Marine Ins. Co., 412 P.3d 1151, 1154-55 n. 11 (Okla. 2018)

(explaining survivor and wrongful death actions); <u>Haws v. Luethje</u>, 503 P.2d 871, 874 (1972) ("An action under the survival statute is for personal injury to the decedent and is in behalf of his estate.  An action under the wrongful death statute is for the pecuniary loss suffered by the surviving spouse and children, if any, or next of kin, and is for their exclusive benefit.").

For diversity purposes, "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent."  28 U.S.C. § 1332(c)(2).[1]  The complaint alleges that Andrew Chaballa is a citizen of the state of Oklahoma.  *See*, doc. no. 1, ¶ 2.  It does not, however, allege the state of citizenship of decedent, Laverne Somers.[2]  The complaint must allege the state of citizenship for Laverne Somers, if Andrew Chaballa is in fact seeking recovery of damages on behalf of the estate of the decedent, as alleged.

In addition, the complaint alleges that defendants SP Healthcare Management LLC and Midwest Geriatric Management LLC are limited liability companies.  <u>See</u>, doc. no. 1, ¶¶ 7, 11.  And for diversity purposes, a limited liability company takes the citizenship of all its members.  <u>Spring Creek Exploration & Production Company, LLC v. Hess Bakken Investment, II, LLC</u>, 887 F.3d 1003, 1014 (10th Cir. 2018) (quotation marks and citation omitted).  Although the complaint alleges that each of the defendants' members are citizens of the state of Missouri, *see*, doc. no. 1, ¶¶ 10, 16, the complaint does not identify the members of the limited liability companies.  The complaint must specifically identify each of defendants' members

---

[1] "By its plain terms, § 1332(c)(2) . . . excludes from its coverage those who are not representing the estate of a decedent, even if the individual is 'appointed pursuant to statute with authority to bring an action for wrongful death.'"  <u>Tank v. Chronister</u>, 160 F.3d 597, 599 (10th Cir. 1998).

[2] Residency is not the equivalent of citizenship.  A natural person is a citizen of the state in which she was domiciled.  <u>Crowley v. Glaze</u>, 710 F.2d 676, 678 (10th Cir. 1983).

as well as the state of citizenship for each of those members.[3]  *See*, <u>Spring Creek Exploration & Production Company, LLC</u>, 887 F.3d at 1014 ("The party seeking the exercise of jurisdiction in his favor must allege in his pleading the facts essential to show jurisdiction.") (quotation marks and citation omitted).   Further, the complaint must trace the citizenship of defendants' members through "however many layers of [] members there may be[.]"  *See*, <u>Gerson v. Logan River Academy</u>, 20 F.4th 1263, 1269 n. 2 (10th Cir. 2021).[4]

Accordingly, the court **DIRECTS** plaintiffs Andrew Chaballa, as Next of Kin of Laverne Somers, and Andrew Chaballa, as Administrator of the Estate of Laverne Somers, the parties invoking diversity jurisdiction, to file an amended complaint which supplies the missing jurisdictional information.[5]   The amended complaint

---

[3] If a member of defendant is an individual, defendant must identify the individual's state of citizenship as opposed to the individual's state of residence.  If a member of defendant is a business entity, then defendant must provide the appropriate jurisdictional information pertaining to that business entity.   *See generally*, 15A James Wm. Moore, <u>Moore's Federal Practice</u>, §§ 102.50-102.57 (3d ed. 2021); Wright & Miller, 13 <u>Federal Practice and Procedure</u>, § 3630.1 (3d ed.) (application of the citizenship rule for unincorporated associations).

[4] For example, if one of defendants' members is an LLC, then *its* members, and their specific states of citizenship, as well as all underlying information necessary to support those conclusions, must be alleged, and so on.  *Illustration:*  Party A is an LLC.  The citizenship of the members of an LLC is imputed to the LLC.  Accordingly, the members of the LLC, and all jurisdictional information necessary to determine each member's state or states of citizenship, must be determined and alleged.  The members of Party A are X and Y.  X is an individual who is a citizen of <u>Oklahoma</u>.  Y is another LLC (the second LLC).  The members of Y are B and C.  B is yet another LLC (the third LLC) and C is a corporation.  The members of B are D and E.  D is an individual who is a citizen of <u>Texas</u>.  E is a partnership.  The partners of E are F and G.  F is an individual who is a citizen of <u>Kansas</u>.  G is an individual who is a citizen of <u>Arkansas</u>.  Corporation C (the second member of Y) is incorporated in <u>Delaware</u> and has its principal place of business in <u>Florida</u>.  Based on the above, the states in which members of Party A are citizens are Oklahoma (X's state of citizenship), Texas, Kansas, Arkansas, Delaware and Florida (Y's states of citizenship).  Party A is therefore deemed a citizen of Oklahoma, Texas, Kansas, Arkansas Delaware, and Florida.

[5] Lest it be thought that these requirements exalt formalities a bit too much, the court will note that it is not unusual for the Tenth Circuit, after a case has run its course in the district court, to remand the case because the jurisdictional allegations made at the very outset of the case were deficient – a turn of events that can and should be avoided so that the parties may litigate on the merits without having to worry about losing the benefit of a judgment in the final stage of the litigation.

shall be filed no later than fourteen days from the date of this order.  The missing jurisdictional information may be based upon plaintiffs' information and belief.  If the citizenship information required by this order is not available to plaintiffs, even to the extent necessary to support pleading on information and belief, then plaintiffs may file a motion for leave to engage in jurisdictional discovery within fourteen days of the date of this order.

Failure to comply with the court's directive may result in an order which is just, including the dismissal of the action without prejudice.

IT IS SO ORDERED this 1st day of September, 2022.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

22-0772p001.docx