IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

ANDREW CHABALLA, as Next of Kin of LAVERNE SOMERS, Deceased, and ANDREW CHABALLA, as Administrator of the Estate of LAVERNE SOMERS,

    Plaintiffs,

-vs-

SP HEALTHCARE MANAGEMENT LLC, MIDWEST GERIATRIC MANAGEMENT LLC, and JUDAH BIENSTOCK,

    Defendants.

Case No. CIV-22-772-F

## ORDER

On September 1, 2022, the court entered an order (doc. no. 3) directing plaintiffs, the parties invoking diversity jurisdiction, to file an amended complaint supplying missing jurisdictional information. The court stated that the complaint must allege the state of citizenship of decedent, Laverne Somers, if Andrew Chaballa was in fact seeking recovery of damages on behalf of the estate of the decedent, as alleged.[1] Doc. no. 3, ECF p. 2. In addition, the court stated that the complaint must specifically identify each of the members of defendants SP Healthcare Management LLC and Midwest Geriatric Management LLC and the state of citizenship for each of the members. *Id.* at ECF pp. 2-3. It further stated that the complaint must trace

---

[1] The original complaint alleged a survivor action on behalf of the estate of the decedent under 12 O.S. 2021 § 1051.

the citizenship of the members the limited liability companies through however many of layers of members there may be. *Id*. at ECF p. 3.

The court is in receipt of Plaintiffs' Amended Complaint for Damages. Doc. no. 9. Upon review, the court finds the jurisdictional allegations are still inadequate to establish diversity jurisdiction.

The amended complaint appears to be alleging a survivor action under 12 O.S. § 1051 but does not specifically identify the state of citizenship of the decedent, Laverne Somers, as required by the court.[2] It only alleges that "[t]he Estate of Laverne Somers is a citizen of the state of Oklahoma." Doc. no. 9, ¶ 5 (emphasis omitted). This is not sufficient. Plaintiffs must allege the state of citizenship (domicile) for Laverne Somers at the time of her death.

The amended complaint identifies each of the members of the limited liability companies and the state of citizenship for those members. The court notes that one of the members of defendant SP Healthcare Management LLC is identified as "10-26 Nationwide Trust." The amended complaint alleges that the trust is a citizen of New Jersey because its trustee, Barach Jeremias, is a citizen of New Jersey. Doc. no. 9, ¶¶ 11-13.

In Americold Realty Trust v. Congra Foods, Inc., 577 U.S. 378 (2016), the Supreme Court decided that the citizenship of a real estate investment trust, *i.e.*, a business trust, includes the citizenship of all its members. *Id*. at 383. In contrast to a business trust, the citizenship of a traditional trust is determined solely by the citizenship of its trustees. *See*, McLaughlin v. Hughes, No. 21-cv-03026-PAB, 2021 WL 5359404, * 2 (D. Colo. Nov. 17, 2021) (citing GBForefront, L.P. v. Forefront Mgmt. Grp., LLC, 888 F.3d 29, 34 (3d Cir. 2018)); Alliant Tax Credit 31, Inc. v.

---

[2] "[T]he legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent." 28 U.S.C. § 1332(c)(2).

Murphy, 924 F.3d 1134, 1143 (11th Cir. 2019); Bank of New York Mellon as Trustee for Benefit of Certificate Holders of CWABS, Inc., Asset Backed Certificates, Series 2004-2 v. Thunder Properties, Inc., 778 F.Appx. 488 (9th Cir. 2019) (unpublished); Doermer v. Oxford Financial Group, Ltd., 884 F.3d 643, 647 (7th Cir. 2018); Raymond Loubier Irrevocable Trust v. Loubier, 858 F.3d 719, 729 (2d Cir. 2017); Wang by and through Wong v. New Mighty U.S. Trust, 843 F.3d 487, 494 (D.C. Cir. 2016).  Thus, to demonstrate 10-26 Nationwide Trust's citizenship, plaintiffs must allege facts demonstrating that the trust is either a traditional trust or a business trust.  *See*, McLaughlin, 2021 WL 5359404, at *2, n. 1.  If the facts are alleged that demonstrate 10-26 Nationwide Trust is a traditional trust, the trustee's state of citizenship, as alleged, will suffice for the state of citizenship of 10-26 Nationwide Trust.  However, if the trust is a business trust, plaintiffs must identify each of the members of the trust and allege the state of citizenship for each of the members.  Plaintiffs must also trace the citizenship of the members of 10-26 Nationwide Trust through however many layers of members there may be.

Accordingly, the court **DIRECTS** plaintiffs Andrew Chaballa, as Next of Kin of Laverne Somers, and Andrew Chaballa, as Administrator of the Estate of Laverne Somers, the parties invoking diversity jurisdiction, to file a second amended complaint which supplies the missing jurisdictional information.  The second amended complaint shall be filed no later than fourteen days from the date of this order.

The missing jurisdictional information may be based upon plaintiffs' information and belief.  If the citizenship information required by this order is not available to plaintiffs, even to the extent necessary to support pleading on information and belief, then plaintiffs may file a motion for leave to engage in jurisdictional discovery within fourteen days of the date of this order.

Failure to comply with the court's directive may result in an order which is just, including the dismissal of the action without prejudice.

IT IS SO ORDERED this 15th day of September, 2022.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

22-0772p003.docx