UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1)    ANDREW CHABALLA, as Next of Kin of LAVERNE SOMERS, Deceased, and ANDREW CHABALLA as Administrator of the Estate of LAVERNE SOMERS<br><br>              Plaintiffs,<br>v.<br><br>(1)    SP HEALTHCARE MANAGEMENT LLC<br><br>(2)    MIDWEST GERIATRIC MANAGEMENT, LLC<br><br>(3)    JUDAH BIENSTOCK<br><br>          Defendants. | Case No. 5:22-cv-00772-F |

**DEFENDANT SP HEALTHCARE MANAGEMENT LLC'S
ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

COME NOW, the Defendant, SP Healthcare Management LLC ("SP Healthcare"), and answers Plaintiff's Second amended complaint in sequential order specifically and generally denying everything unless specifically admitted herein as follows:

1.    Defendant SP Healthcare only admits that Laverne Somers was a resident at its facility from approximately July 22,2020, through October 22, 2020. As to the remainder of the allegations contained in Paragraph 1 of Plaintiff's Second Amended complaint, Defendant is without sufficient knowledge or information to either admit or deny the allegations, therefore, the same are denied.

2.    Upon information and belief, admitted.

3.      Defendant SP Healthcare is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 3 of Plaintiff's Second Amended Complaint, therefore, the same are denied.

4.      Defendant SP Healthcare is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 4 of the Plaintiff's Second Amended Complaint, therefore, the same are denied.

5.      Defendant SP Healthcare is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 5 of the Plaintiff's Second Amended Complaint, therefore, the same are denied.

6.      Defendant SP Healthcare is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 6 of the Plaintiff's Second Amended Complaint, therefore, the same are denied.

7.      Paragraph 7 of the Plaintiff's Second Amended Complaint contain no factual allegations which require a response; in the event one is required, Defendant reincorporates its prior responses.

8.      Admitted.

9.      Defendant SP Healthcare admits that is an LLC located in Oklahoma and the website states what Plaintiff alleges.

10.     Defendant admits that it has a general duty of reasonable care to its residents as alleged by Plaintiff. Defendant denies all other allegations contained in Paragraph 10 of the Plaintiff's Second Amended Complaint.

11.     Denied.

12.     This Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 12 of Plaintiff's Second Amended Complaint, therefore, the same are denied.

13.     This Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 13 of Plaintiff's Second Amended Complaint, therefore, the same are denied.

14.     This Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 14 of Plaintiff's Second Amended Complaint, therefore, the same are denied.

15.     This Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 15 of Plaintiff's Second Amended Complaint, therefore, the same are denied.

16.     Admitted.

17.     Denied.

18.     Denied.

19.     Admitted.

20.     This Defendant denies that Midwest Geriatric Management ("MGM") managed, maintained, and controlled the facility or was engaged to "provide ancillary medical services to persons requiring such services." As to the remainder of the allegations, this Defendant admits MGM is an LLC formed and registered under the laws of the State of Missouri and authorized to do business within Oklahoma. As to any other allegations within this paragraph, this Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 21 of Plaintiff's Second Amended Complaint, therefore, the same are denied.

21.     Denied.

22.     This Defendant admits that MGM may have provided some aid in obtaining nursing policies and in hiring/firing administrators, but denies the remainder of this paragraph.

23.     This Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 23 of Plaintiff's Second Amended Complaint, therefore, the same are denied.

24.     This allegation contains only legal conclusions and contain no factual allegations to which a response is required, to the extent a response is required, this Defendant is without sufficient knowledge or information to either admit or deny whether a duty was owed by MGM, therefore, denied.

25.     This Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 25 of Plaintiff's Second Amended Complaint, therefore, the same are denied

26.     Admitted.

27.     This Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 27 of Plaintiff's Second Amended Complaint, therefore, the same are denied.

28.     This Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 28 of Plaintiff's Second Amended Complaint, therefore, the same are denied.

29.     This Defendant denies Bienstock was engaged in providing ancillary services to persons requiring such services, or managed, maintained, or controlled the Facility. This Defendant admits Bienstock is a Missouri citizen. As to the remaining allegations, this Defendant

is without sufficient information to either admit or deny the allegations contained in Paragraph 29 of Plaintiff's Second Amended Complaint, therefore, the same are denied.

30.      This allegation does not contain factual allegations directed at this Defendant and therefore do not require a response, to the extent a response is required, Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 30 of Plaintiff's Second Amended Complaint, therefore, the same are denied.

31.      This allegation does not contain factual allegations directed at this Defendant and therefore do not require a response, to the extent a response is required, Defendant admits Bienstock was the managing member of this Defendant, but denies the remainder of this Paragraph.

32.      This allegation does not contain factual allegations directed at this Defendant and therefore do not require a response, to the extent a response is required, denied.

33.      This allegation does not contain factual allegations directed at this Defendant and therefore do not require a response, to the extent a response is required, denied.

34.      This allegation does not contain factual allegations directed at this Defendant and therefore do not require a response, to the response is required, Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 34 of Plaintiff's Second Amended Complaint, therefore, the same are denied.

35.      Paragraph 35 of Plaintiff's Second Amended Complaint does not contain factual allegations that require response, to the extent a response is required, Defendant reincorporates its prior answers herein.

36.      Denied.

37.      Denied.

38.     Denied.

39.     Paragraph 39 of Plaintiff's Second Amended Complaint does not contain factual allegations that require response, to the extent a response is required, Defendant reincorporates its prior answers herein.

40.     Denied.

41.     This Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 41 of Plaintiff's Second Amended Complaint, therefore, the same are denied.

42.     Admitted.

43.     This Defendant is without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 43 of Plaintiff's Second Amended Complaint, therefore, the same are denied.

44.     This paragraph contains merely legal conclusory allegations and contains no factual allegations that require a response, to the extent a response is required, Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 44 of Plaintiff's Petition, therefore, the same are denied.

45.     This Defendant admits only to the extent that Defendant SP Healthcare purposefully availed itself to the laws in Oklahoma, as to the other allegations directed at this Defendant and contained in Paragraph 45, denied. As to the allegations not directed at  SP Healthcare, this Defendant is without sufficient knowledge or information to either admit or deny the remainder of the allegations, therefore, the same are denied.

46.     Admitted.

47.     Paragraph 47 of Plaintiff's Second Amended Complaint does not contain factual allegations that require response, to the extent a response is required, Defendant reincorporates its prior responses herein.

48.     Defendant denies any agent relationship as alleged herein. As to the remaining allegations, this Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 48 of Plaintiff's Second Amended Complain, therefore, the same are denied.

49.     Defendant denies any agent relationship as alleged herein. As to the remaining allegations, this Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 49 of Plaintiff's Second Amended Complain, therefore, the same are denied.

50.     Paragraph 50 of Plaintiff's Second Amended Complaint does not contain factual allegations that require response, to the extent a response is required, Defendant reincorporates its prior responses herein.

51.     Admitted.

52.     Denied.

53.     Denied.

54.     Defendant admits that resident suffered multiple falls prior to October 20, 2020. As to the remainder of the allegations contained in Paragraph 54, denied.

55.     Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 55 of Plaintiff's Second Amended Complaint, therefore, the same are denied.

56.     Denied.

57.     Denied.

58.     Denied.

59.     Denied.

60.     Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 60, of Plaintiff's Second Amended Petition, therefore, the same are denied as phrased.

61.     Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 61, of Plaintiff's Second Amended Petition, therefore, the same are denied as phrased.

62.      Defendant generally believes this to be the case, so the allegations contained in Paragraph 62 are admitted.

63.     Defendant generally believes this to be the case, so the allegations contained in Paragraph 63 are admitted.

64.     Defendant generally believes this to be the case, so the allegations contained in Paragraph 64 are admitted.

65.     Defendant generally believes this to be the case, so the allegations contained in Paragraph 65 are admitted.

66.     Defendant generally believes this to be the case, so the allegations contained in Paragraph 66 are admitted.

67.     Defendant generally believes this to be the case, so the allegations contained in Paragraph 67 are admitted.

68.     Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 68, therefore the same are denied.

69.     Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 69, therefore the same are denied as phrased.

70.     Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 70, therefore the same are denied as phrased.

71.     Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 71, therefore the same are denied as phrased.

72.     Defendant generally believes this to be the case, so the allegations contained in Paragraph 72 are admitted.

73.     Defendant generally believes this to be the case, so the allegations contained in Paragraph 73 are admitted.

74.     Defendant generally believes this to be the case, so the allegations contained in Paragraph 74 are admitted.

75.     Defendant generally believes this to be the case, so the allegations contained in Paragraph 75 are admitted.

76.     Defendant generally believes this to be the case, so the allegations contained in Paragraph 76 are admitted.

77.     Defendant generally believes this to be the case, so the allegations contained in Paragraph 77 are admitted.

78.     Defendant generally believes this to be the case, so the allegations contained in Paragraph 78 are admitted.

79.     Denied as stated.

80.     Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 80, therefore the same are denied as stated.

81.    Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 81, therefore the same are denied as stated.

82.    Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 82, therefore the same are denied as stated.

83.    Defendant admits CMS regulates nursing facilities. As to the remainder of these allegations, this Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 83, therefore the same are denied.

84.    Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 84, therefore the same are denied.

85.    Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 85, therefore the same are denied.

86.    Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 86, therefore the same are denied.

87.    Defendant generally believes this to be the case, so the allegations contained in Paragraph 87 are admitted.

88.    Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 88, therefore the same are denied as stated.

89.    Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 89, therefore the same are denied as stated.

90.    Denied as stated.

91.    Denied as stated.

92.    Defendant generally believes this to be the case, so the allegations contained in Paragraph 92 are admitted.

93.     Defendant generally believes this to be the case, so the allegations contained in Paragraph 93 are admitted.

94.     Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 94, therefore the same are denied.

95.     Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 95, therefore the same are denied as stated.

96.     Defendant generally believes this to be the case, so the allegations contained in Paragraph 96 are admitted.

97.     Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 97, therefore the same are denied as stated.

98.     Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 98, therefore the same are denied.

99.     Denied as stated.

100.    Denied as stated.

101.    As to the allegations directed as this Defendant, Defendant admits it must support the Facility to ensure residents receive necessary care and services as required by state and federal law. The remainder of allegations are directed against the other Defendants, and do not require a response. To the extent a response is required, denied.

102.    As to the allegations directed at this Defendant, this Defendant only admits that it has a duty of care under Oklahoma Law. As to the other allegations directed at this Defendant and contained in Paragraph 102 of Plaintiff's Second Amended Complaint, denied. As to the allegations directed at the other defendants, no response is required. To the extent a response is required, denied.

103.    Denied.

104.    Denied.

105.    Denied. Defendant provided qualified staff to meet the needs of their residents.

106.    Paragraph 106 of Plaintiff's second amended complaint contains no allegations directed at this Defendant which require a response, to the extent a response is required, denied.

107.    Paragraph 107 of Plaintiff's Second Amended Complaint contains no allegations directed at this Defendant which require a response, to the response is required, denied.

108.    Paragraph 108 of Plaintiff's Second Amended Complaint contains conclusory allegations and no factual allegations directed at this Defendant which require a response, to the response is required, denied.

109.    Paragraph 109 of Plaintiff's Second Amended Complaint contains conclusory allegations and no factual allegations directed at this Defendant which require a response, to the response is required, denied.

110.    Paragraph 110 of Plaintiff's Second Amended Complaint contains conclusory allegations and no factual allegations directed at this Defendant which require a response, to the response is required, denied.

111.    Paragraph 111 of Plaintiff's Second Amended Complaint contains conclusory allegations and no factual allegations directed at this Defendant which require a response, to the response is required, denied.

112.    Paragraph 112 of Plaintiff's Second Amended Complaint contains conclusory allegations and no factual allegations directed at this Defendant which require a response, to the response is required, denied.

113.    Paragraph 113 of Plaintiff's Second Amended Complaint contains conclusory allegations and no factual allegations directed at this Defendant which require a response, to the response is required, denied.

114.    Paragraph 114 of Plaintiff's Second Amended Complaint contains conclusory allegations and no factual allegations directed at this Defendant which require a response, to the response is required, denied.

115.    Paragraph 115 of Plaintiff's Second Amended Complaint contains conclusory legal allegations and no statements of fact which require a response nor does it direct allegations to this defendant, to the extent a response is required, the law speaks for itself and denied as stated.

116.    Paragraph 116 of Plaintiff's Second Amended Complaint contains conclusory legal allegations and no statements of fact which require a response nor does it direct allegations to this defendant; to the extent a response is required, denied.

117.    Denied.

118.    Denied.

119.    Paragraph 119 of Plaintiff's Second Amended Complaint contains conclusory legal allegations and no statements of fact which require a response nor does it direct allegations to this defendant, to the extent a response is required, denied.

120.    Denied.

121.    Paragraph 121 of Plaintiff's Second Amended Complaint contains conclusory allegations and no factual allegations directed at this Defendant which require a response, to the response is required, denied.

122.    Paragraph 122 of Plaintiff's Second Amended Complaint contains conclusory allegations and no factual allegations directed at this Defendant which require a response, to the response is required, denied.

123.    Paragraph 123 of Plaintiff's Second Amended Complaint contains conclusory allegations and no factual allegations directed at this Defendant which require a response, to the extent a response is required, denied.

124.    Denied.

125.    Denied.

126.    Paragraph 126 of Plaintiff's Second Amended Complaint contains conclusory allegations and no factual allegations directed at this Defendant which require a response, to the extent a response is required, denied.

127.    Paragraph 127 of Plaintiff's Second Amended Complaint contains conclusory allegations and no factual allegations directed at this Defendant which require a response, to the extent a response is required, denied.

128.    Paragraph 128 of Plaintiff's Second Amended Complaint contains conclusory allegations and no factual allegations directed at this Defendant which require a response, to the extent a response is required, denied.

129.    Paragraph 129 of Plaintiff's Second Amended Complaint contains conclusory allegations and no factual allegations directed at this Defendant which require a response, to the extent a response is required, denied.

130.    Paragraph 130 of Plaintiff's Second Amended Complaint contains conclusory allegations and no factual allegations directed at this Defendant which require a response, to the extent a response is required, denied.

131.     Paragraph 131 of Plaintiff's Second Amended Complaint contains conclusory allegations and no factual allegations directed at this Defendant which require a response, to the extent a response is required, denied.

132.     Paragraph 132 of Plaintiff's Second Amended Complaint contains conclusory allegations and no factual allegations directed at this Defendant which require a response, to the extent a response is required, denied.

133.     Paragraph 133 of Plaintiff's Second Amended Complaint contains conclusory allegations and no factual allegations directed at this Defendant which require a response, to the extent a response is required, denied.

134.     Paragraph 134 of Plaintiff's Second Amended Complaint contains conclusory allegations and no factual allegations directed at this Defendant which require a response, to the extent a response is required, denied.

135.     Paragraph 135 of Plaintiff's Second Amended Complaint contains conclusory allegations and no factual allegations directed at this Defendant which require a response, to the extent a response is required, denied.

136.     Paragraph 136 of Plaintiff's Second Amended Complaint contains conclusory allegations and no factual allegations directed at this Defendant which require a response, to the extent a response is required, denied.

137.     Denied.

138.     Paragraph 138 of Plaintiff's Second Amended Complaint contains conclusory allegations and no factual allegations directed at this Defendant which require a response, to the extent a response is required, denied.

139.     Denied.

140.    Denied.

141.    Paragraph 141 of Plaintiff's Second Amended Complaint contains conclusory allegations and no factual allegations directed at this Defendant which require a response, to the extent a response is required, denied.

142.    Paragraph 142 of Plaintiff's Second Amended Complaint contain no factual allegations which require a response, to the extent a response is required, Defendant reincorporates its prior responses.

143.    Defendant is without knowledge or sufficient information to either admit or deny the allegations contained in Paragraph 143 of Plaintiff's Second Amended Complaint, therefore, the same are denied as stated.

144.    Defendant admit the allegations only to the extent that it has certain duties imposed by law. As to the remainder of allegations contained in Paragraph 144 of Plaintiff's Second Amended Complaint, denied.

145.    Defendant is without knowledge or sufficient information to either admit or deny the allegations contained in Paragraph 145 of Plaintiff's Second Amended Complaint, therefore, the same are denied as stated.

146.    Defendant admits only to the extent that it has certain legal duties to the resident required by law. As to the remainder of the allegations contained in Paragraph 146 of Plaintiff's Second Amended Complaint, denied as stated.

147.    Defendant admits only to the extent that it has certain legal duties to the resident required by law. As to the remainder of the allegations contained in Paragraph 147 of Plaintiff's Second Amended Complaint, denied as stated.

148.     Defendant is without knowledge or sufficient information to either admit or deny the allegations contained in Paragraph 148 of Plaintiff's Second Amended Complaint, therefore, the same are denied as stated.

149.     Defendant is without knowledge or sufficient information to either admit or deny the allegations contained in Paragraph 149 of Plaintiff's Second Amended Complaint, therefore, the same are denied as stated.

150.     Defendant is without knowledge or sufficient information to either admit or deny the allegations contained in Paragraph 150 of Plaintiff's Second Amended Complaint, therefore, the same are denied as stated as stated.

151.     Defendant is without knowledge or sufficient information to either admit or deny the allegations contained in Paragraph 151 of Plaintiff's Second Amended Complaint, therefore, the same are denied as stated.

152.     Denied.

153.     Denied as to causation and negligence. As to Resident's alleged damages, Defendant is without knowledge or sufficient information to either admit or deny the allegations contained in Paragraph 153 of Plaintiff's Second Amended Complaint, therefore, the same are denied.

154.     Denied.

155.     Denied.

156.     Denied.

157.     Denied.

158.     Denied.

To the extent Plaintiff's Prayer requires a response, denied.

159.    Paragraph 159 of the Plaintiff's Second Amended Complaint contain no factual allegations which require a response, to the extent a response is required, Defendant reincorporates its prior responses.

160.    Defendant admits that it and its employees had a duty to comply with Nursing Home Care Act, OKLA. STAT. tit. 63, § 1-1901, et seq. As to the remainder of the allegations contained in Paragraph 160 of Plaintiff's Second Amended Complaint, denied.

161.    Denied.

61. (improperly labeled) Denied.

162.    Denied.

163.    Denied

164.    This appears to be a recitation of Plaintiff's requests, and no response is required. To the extent a response is required, Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 164 of Plaintiff's Second Amended Complaint, therefore, the same are denied.

165.    This appears to be a correct recitation of the statute cited, therefore, admitted.

166.    Denied.

To the extent Plaintiff's wherefore clause requires response, denied.

167.    Paragraph 167 of the Plaintiff's Second Amended Complaint contain no factual allegations which require a response, to the extent a response is required, Defendant reincorporates its prior responses.

168.    Denied

169.    Denied.

170.    Denied.

171.    Denied.

172.    Denied.

173.    Denied.

174.    Denied.

175.    Denied.

176.    Denied.

To the extent Plaintiff's Prayer requires a response, Denied.

## AFFIRMATIVE DEFENSES

1.    Defendant denies that it, its agent, servants or employees committed any act of negligence that caused or contributed to cause Plaintiff's alleged injuries, death or damages.

2.    In the event it is determined that negligence was committed by Defendant's agents, servants or employees, such negligence was a "mere condition" and was not the cause of Plaintiff's alleged injury and damages.

3.    The incident in question was caused by the acts of third parties over whom this Defendant had no control.

4.      While denying any and all negligence, fault or liability, Defendant states that any injury or damages allegedly sustained by Plaintiff were caused, in whole or in part, by other persons' or entities' contributory or comparative negligence, fault, and want of due care. Such negligence or fault of other persons or entities was greater than the negligence or fault of this Defendant, if any. The comparative fault of other persons or entities outside the control of this Defendant is a complete bar to recovery against this Defendant. Alternatively, this Defendant is entitled to a reduction of damages based upon the percentage of said other persons' or entities' negligence or fault.

5.      To the extent Plaintiff has been or will be compensated by receiving payment from other persons or entities, the amount of any such compensation should be offset against any recovery Plaintiff may receive in this action.

6.      Should a judgment be entered against this Defendant, Defendant prays for determination and apportionment of fault between Defendant and any other persons and/or entities who may or may not be parties at the time this case was submitted to the factfinder and who caused or contributed to cause any injuries as claimed by Plaintiff in this action.

7.      Plaintiff's claims for punitive damages are in violation of the Oklahoma and U.S. Constitutions.

8.      Plaintiff's Petition, to the extent it seeks punitive damages, violates Defendant's right to equal protection under the law and is otherwise unconstitutional under the United States and the Constitution of the State of Oklahoma.

9.      Defendant requests the Court instruct on the principles of comparative negligence and that Plaintiff's recovery, if any, be reduced in direct proportion to the amount of fault assessed by the jury.

10.     This Defendant reserves the right to amend or modify its Answer upon the completion of discovery.

11.     Jury trial is hereby demanded in this matter.

WHEREFORE Defendant, SP Healthcare LLC, prays that it be dismissed from this cause of action with its costs and attorney's fees expended herein and for such other relief the Court deems just and proper.

Respectfully submitted,

DOERNER, SAUNDERS, DANIEL & ANDERSON, L.L.P.

s/Kaylee Davis-Maddy
Kaylee Davis-Maddy, OBA No. 31534
Doerner, Saunders, Daniel & Anderson, L.L.P.
210 Park Avenue, Suite 1200
Oklahoma City, OK 73102
Phone: (405) 319-3513
Fax: (405) 319-3524
Email:  kmaddy@dsda.com

And

Brian M. Keester, OBA No. 33208
Two West Second St, Ste 700
Tulsa, OK 74103
Phone: (918) 591-5327
Fax: (918) 925-5327
Email:  bkeester@dsda.com

*Certificate of Service*

I hereby certify that on October 7, 2022, I electronically transmitted the attached document to the Clerk of Court using the Electronic Case Filing System.  Based on the records currently on file in this case, the Clerk of Court will transmit a Notice of Electronic Filing to those registered participants of the ECF System.

s/Kaylee Davis-Maddy

6144548.1