UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) ANDREW CHABALLA, as Next of Kin of LAVERNE SOMERS, Deceased, and ANDREW CHABALLA as Administrator of the Estate of LAVERNE SOMERS<br><br>Plaintiffs,<br>v.<br><br>(1) SP HEALTHCARE MANAGEMENT LLC<br><br>(2) MIDWEST GERIATRIC MANAGEMENT, LLC<br><br>(3) JUDAH BIENSTOCK<br><br>Defendants. | Case No. 5:22-cv-00772-F |

**DEFENDANT JUDAH BIENSTOCK**
**ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

COME NOW, the Defendant, Judah Bienstock and answers Plaintiff's Second Amended complaint in sequential order specifically and generally denying everything unless specifically admitted herein as follows:

1. Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 1 of Plaintiff's Second Amended complaint, therefore, the same are denied.

2. Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 2 of Plaintiff's Second Amended complaint, therefore, the same are denied.

1

3. Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 3 of Plaintiff's Second Amended Complaint, therefore, the same are denied.

4. Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 4 of the Plaintiff's Second Amended Complaint, therefore, the same are denied.

5. Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 5 of the Plaintiff's Second Amended Complaint, therefore, the same are denied.

6. Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 6 of the Plaintiff's Second Amended Complaint, therefore, the same are denied.

7. Paragraph 7 of the Plaintiff's Second Amended Complaint contain no factual allegations which require a response, to the extent a response is required, Defendant reincorporates his prior responses.

8. Admitted.

9. Defendant admits that SP Healthcare LLC is an LLC located in Oklahoma and the website states what Plaintiff alleges.

10. Defendant is without Sufficient knowledge or information to either admit or deny the allegations contained in paragraph 10 of Plaintiff's Second Amended Complaint, therefore, the same are denied.

11. Denied.

12. This Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 12 of Plaintiff's Second Amended Complaint, therefore, the same are denied.

13. This Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 13 of Plaintiff's Second Amended Complaint, therefore, the same are denied.

14. Admitted.

15. This Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 15 of Plaintiff's Second Amended Complaint, therefore, the same are denied.

16. Admitted.

17. Denied that Baruch Jeremias is not a member of South Pointe Realty, LLC; admitted that Defendant is.

18. Denied that South Pointe Realty, LLC is citizen of New Jersey, admitted that it is a citizen of Missouri.

19. Admitted.

20. This Defendant admits that MGM is a limited liability company formed and registered under the state laws of Missouri and authorized to do business in the state of Oklahoma. Defendant further admits that MGM provided accounting and payroll services to SP Healthcare LLC. As to the remainder of the allegations contained in Paragraph 20 of Plaintiff's Second Amended Complaint, denied.

21. Denied.

22.     This Defendant admits that MGM may have provided some aid in obtaining nursing policies and in hiring/firing administrators, but denies the remainder of this paragraph.

23.     Paragraph 23 of Plaintiff's Second Amended Complaint contains only conclusory allegations and no factual allegations which require no response, to the extent a response is required, denied.

24.     This allegation contains only legal conclusions and contain no factual allegations to which a response is required, to the extent a response is required, denied.

25.     Admitted.

26.     Admitted.

27.     Admitted.

28.     Admitted.

29.     Defendant admits that Judah Bienstock was and is a citizen of Missouri. As to the remainder of the allegations contained in Paragraph 29, denied.

30.     This allegation does not contain factual allegations and therefore do not require a response, to the response is required, denied.

31.     Denied.

32.     Denied.

33.     Denied.

34.     Denied.

35.     Paragraph 35 of Plaintiff's Second Amended Complaint does not contain factual allegations that require response, to the extent a response is required, Defendant reincorporates his prior responses.

36.     Denied.

37. Denied.

38. Denied.

39. Paragraph 39 of Plaintiff's Second Amended Complaint does not contain factual allegations that require response, to the extent a response is required, Defendant reincorporates his prior responses.

40. Denied.

41. Admitted.

42. Admitted.

43. This Defendant is without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 43 of Plaintiff's Second Amended Complaint, therefore, the same are denied.

44. This paragraph contains merely legal conclusory allegations and contains no factual allegations that require a response, to the extent a response is required, Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 44 of Plaintiff's Petition, therefore, the same are denied.

45. As to the allegations directed at this Defendant, denied. As to the allegations not directed this Defendant, this Defendant is without sufficient knowledge or information to either admit or deny the remainder of the allegations, therefore, the same are denied.

46. Defendant is without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 46 of Plaintiff's Second Amended Complaint, therefore, denied, but does not deny that venue is proper.

47. Paragraph 47 of Plaintiff's Second Amended Complaint does not contain factual allegations that require response, to the extent a response is required, Defendant reincorporates his prior responses.

48. This Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 48 of Plaintiff's Second Amended Complain, therefore, the same are denied.

49. Defendant denies any agent relationship as alleged herein. As to the remaining allegations, this Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 49 of Plaintiff's Second Amended Complain, therefore, the same are denied.

50. Paragraph 50 of Plaintiff's Second Amended Complaint does not contain factual allegations that require response, to the extent a response is required, Defendant reincorporates his prior responses.

51. Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 51 of the Second Amended Complaint, therefore, the same are denied.

52. Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 52 of the Second Amended Complaint, therefore, the same are denied.

53. Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 53 of the Second Amended Complaint, therefore, the same are denied.

54. Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 54 of the Second Amended Complaint, therefore, the same are denied.

55. Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 55 of Plaintiff's Second Amended Complaint, therefore, the same are denied.

56. Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 56 of the Second Amended Complaint, therefore, the same are denied.

57. Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 57 of the Second Amended Complaint, therefore, the same are denied.

58. Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 58 of the Second Amended Complaint, therefore, the same are denied.

59. Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 59 of the Second Amended Complaint, therefore, the same are denied.

60. Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 60, of Plaintiff's Second Amended Petition, therefore, the same are denied as phrased.

61. Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 61, of Plaintiff's Second Amended Petition, therefore, the same are denied as phrased.

62. Defendant generally believes this to be the case, so the allegations contained in Paragraph 62 are admitted.

63. Defendant generally believes this to be the case, so the allegations contained in Paragraph 63 are admitted.

64. Defendant generally believes this to be the case, so the allegations contained in Paragraph 64 are admitted.

65. Defendant generally believes this to be the case, so the allegations contained in Paragraph 65 are admitted.

66. Defendant generally believes this to be the case, so the allegations contained in Paragraph 66 are admitted.

67. Defendant generally believes this to be the case, so the allegations contained in Paragraph 67 are admitted.

68. Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 68, therefore the same are denied.

69. Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 69, therefore the same are denied as phrased.

70. Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 70, therefore the same are denied as phrased.

71. Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 71, therefore the same are denied as phrased.

72. Defendant generally believes this to be the case, so the allegations contained in Paragraph 72 are admitted.

73. Defendant generally believes this to be the case, so the allegations contained in Paragraph 73 are admitted.

74. Defendant generally believes this to be the case, so the allegations contained in Paragraph 74 are admitted.

75. Defendant generally believes this to be the case, so the allegations contained in Paragraph 75 are admitted.

76. Defendant generally believes this to be the case, so the allegations contained in Paragraph 76 are admitted.

77. Defendant generally believes this to be the case, so the allegations contained in Paragraph 77 are admitted.

78. Defendant generally believes this to be the case, so the allegations contained in Paragraph 78 are admitted.

79. Denied as stated.

80. Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 80, therefore the same are denied as stated.

81. Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 81, therefore the same are denied as stated.

82. Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 82, therefore the same are denied as stated.

83. Defendant admits CMS regulates nursing facilities. As to the remainder of these allegations, this Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 83, therefore the same are denied.

84. Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 84, therefore the same are denied.

85. Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 85, therefore the same are denied.

86. Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 86, therefore the same are denied.

87. Defendant generally believes this to be the case, so the allegations contained in Paragraph 87 are admitted.

88. Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 88, therefore the same are denied as stated.

89. Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 89, therefore the same are denied as stated.

90. Denied as stated.

91. Denied as stated.

92. Defendant generally believes this to be the case, so the allegations contained in Paragraph 92 are admitted.

93. Defendant generally believes this to be the case, so the allegations contained in Paragraph 93 are admitted.

94. Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 94, therefore the same are denied.

95. Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 95, therefore the same are denied as stated.

96. Defendant generally believes this to be the case, so the allegations contained in Paragraph 96 are admitted.

97. Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 97, therefore the same are denied as stated.

98. Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 98, therefore the same are denied..

99. Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 99, therefore the same are denied.

100. Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 100, therefore the same are denied.

101. As to the allegations directed as this Defendant, denied. The remainder of allegations are directed against the other Defendants, and do not require a response. To the extent a response is required, denied.

102. As to the allegations directed as this Defendant, denied. As to the allegations directed at the other defendants, no response is required. To the extent a response is required, denied.

103. Denied.

104. Denied.

105. Denied. SP Healthcare had qualified staff to meet the needs of their residents.

106. Paragraph 106 of Plaintiff's second amended complaint contains no allegations directed at this Defendant which require a response, to the extent a response is required, denied.

107. Denied.

108. Denied.

109. Denied.

110. Denied.

111. Denied.

112. Denied.

113. Denied.

114. Denied.

115. Paragraph 115 of Plaintiff's Second Amended Complaint contains conclusory legal allegations and no statements of fact which require a response, to the extent a response is required, denied.

116. Denied.

117. Denied.

118. Denied.

119. Paragraph 119 of Plaintiff's Second Amended Complaint contains conclusory legal allegations and no statements of fact which require a response, to the extent a response is required, denied

120. Denied.

121. Denied.

122. Denied.

123. Denied.

124. Denied.

125. Denied.

126. Denied as to this Defendant.

127. Denied.

128. Denied.

129. Denied.

130. Denied.

131. Denied.

132. Denied.

133. Denied.

134. Denied.

135. Denied.

136. Denied.

137. Denied.

138. Denied.

139. Denied.

140. Denied.

141. Denied.

142. Paragraph 142 of Plaintiff's Second Amended Complaint contain no factual allegations which require a response, to the extent a response is required, Defendant reincorporates his prior responses.

143. Defendant is without knowledge or sufficient information to either admit or deny the allegations contained in Paragraph 143 of Plaintiff's Second Amended Complaint, therefore, the same are denied.

144. Defendant admits the allegations only to the extent that he may have duties imposed by law. As to the remainder of allegations contained in Paragraph 144 of Plaintiff's Second Amended Complaint, denied.

145. Defendant is without knowledge or sufficient information to either admit or deny the allegations contained in Paragraph 145 of Plaintiff's Second Amended Complaint, therefore, the same are denied.

146. Defendant admits the allegations only to the extent that he may have duties imposed by law. As to the remainder of the allegations contained in Paragraph 146 of Plaintiff's Second Amended Complaint, denied.

147. Defendant admits the allegations only to the extent that he may have duties imposed by law. As to the remainder of the allegations contained in Paragraph 147 of Plaintiff's Second Amended Complaint, denied.

148. Defendant is without knowledge or sufficient information to either admit or deny the allegations contained in Paragraph 148 of Plaintiff's Second Amended Complaint, therefore, the same are denied.

149. Defendant is without knowledge or sufficient information to either admit or deny the allegations contained in Paragraph 149 of Plaintiff's Second Amended Complaint, therefore, the same are denied.

150. Defendant is without knowledge or sufficient information to either admit or deny the allegations contained in Paragraph 150 of Plaintiff's Second Amended Complaint, therefore, the same are denied.

151. Defendant is without knowledge or sufficient information to either admit or deny the allegations contained in Paragraph 151 of Plaintiff's Second Amended Complaint, therefore, the same are denied.

152. Denied as to this Defendant. For the remaining defendants, Defendant is without knowledge or sufficient information to either admit or deny the allegations contained in Paragraph 152 of Plaintiff's Second Amended Complaint, therefore, the same are denied.

153. Denied as to causation and negligence. As to Resident's alleged damages, Defendant is without knowledge or sufficient information to either admit or deny the allegations contained in Paragraph 153 of Plaintiff's Second Amended Complaint, therefore, the same are denied.

154. Denied.

155. Denied.

156. Denied.

157. Denied.

158. Denied.

To the extent Plaintiff's Prayer requires a response, denied.

159. Paragraph 159 of the Plaintiff's Second Amended Complaint contain no factual allegations which require a response, to the extent a response is required, Defendant reincorporates his prior responses.

160. The allegations contained in Paragraph 160 of Plaintiff's Second Amended Complaint are not directed at this Defendant and therefore require no response. To the extent a response is required, Defendant admits that it is aware that the Facility and its employees had a duty to comply with Nursing Home Care Act, OKLA. STAT. tit. 63, § 1-1901, et seq. As to the

remainder of the allegations contained in Paragraph 160 of Plaintiff's Second Amended Complaint, denied.

161. The allegations contained in Paragraph 161 of Plaintiff's Second Amended Complaint are not directed at this Defendant and therefore require no response. To the extent a response is required, Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 161 of Plaintiff's Second Amended Complaint, therefore, the same are denied.

61 (improperly labeled). The allegations contained in Paragraph 61 of Plaintiff's Second Amended Complaint are not directed at this Defendant and therefore require no response. To the extent a response is required, Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 61 of Plaintiff's Second Amended Complaint, therefore, the same are denied.

162. Denied.

163. The allegations contained in Paragraph 163 of Plaintiff's Second Amended Complaint are not directed at this Defendant and therefore require no response. To the extent a response is required, Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 163 of Plaintiff's Second Amended Complaint, therefore, the same are denied.

164. The allegations contained in Paragraph 164 of Plaintiff's Second Amended Complaint are not directed at this Defendant and therefore require no response. To the extent a response is required, Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 164 of Plaintiff's Second Amended Complaint, therefore, the same are denied.

165. Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 165 of Plaintiff's Second Amended Complaint, therefore, the same are denied.

166. Denied.

To the extent Plaintiff's wherefore clause requires response, denied.

167. Paragraph 167 of the Plaintiff's Second Amended Complaint contain no factual allegations which require a response, to the extent a response is required, Defendant reincorporates his prior responses.

168. Denied

169. Denied.

170. Denied.

171. Denied.

172. Denied.

173. Denied.

174. Denied.

175. Denied.

176. Denied.

To the extent Plaintiff's Prayer requires a response, Denied.

### AFFIRMATIVE DEFENSES

1. Defendant denies that he, his agent, servants or employees committed any act of negligence that caused or contributed to cause Plaintiff's alleged injuries, death or damages.

2. In the event it is determined that negligence was committed by Defendant's agents, servants or employees, such negligence was a "mere condition" and was not the cause of Plaintiff's

alleged injury and damages.

3. The incident in question was caused by the acts of third parties over whom this Defendant had no control.

4. While denying any and all negligence, fault or liability, Defendant states that any injury or damages allegedly sustained by Plaintiff were caused, in whole or in part, by other persons' or entities' contributory or comparative negligence, fault, and want of due care. Such negligence or fault of other persons or entities was greater than the negligence or fault of this Defendant, if any. The comparative fault of other persons or entities outside the control of this Defendant is a complete bar to recovery against this Defendant. Alternatively, this Defendant is entitled to a reduction of damages based upon the percentage of said other persons' or entities' negligence or fault.

5. To the extent Plaintiff has been or will be compensated by receiving payment from other persons or entities, the amount of any such compensation should be offset against any recovery Plaintiff may receive in this action.

6. Should a judgment be entered against this Defendant, Defendant prays for determination and apportionment of fault between Defendant and any other persons and/or entities who may or may not be parties at the time this case was submitted to the factfinder and who caused or contributed to cause any injuries as claimed by Plaintiff in this action.

7. Plaintiff's claims for punitive damages are in violation of the Oklahoma and U.S. Constitutions.

8. Plaintiff's Petition, to the extent it seeks punitive damages, violates Defendant's right to equal protection under the law and is otherwise unconstitutional under the United States and the Constitution of the State of Oklahoma.

9. Defendant requests the Court instruct on the principles of comparative negligence and that Plaintiff's recovery, if any, be reduced in direct proportion to the amount of fault assessed by the jury.

10. This Defendant reserves the right to amend or modify its Answer upon the completion of discovery.

11. Jury trial is hereby demanded in this matter.

WHEREFORE Defendant, Judah Bienstock, prays that he be dismissed from this cause of action with his costs and attorney's fees expended herein and for such other relief the Court deems just and proper.

Respectfully submitted,

DOERNER, SAUNDERS, DANIEL & ANDERSON, L.L.P.

s/Kaylee Davis-Maddy
Kaylee Davis-Maddy, OBA No. 31534
210 Park Avenue, Suite 1200
Oklahoma City, OK 73102
Phone: (405) 319-3513
Fax: (405) 319-3524
Email:  kmaddy@dsda.com

And

Brian M. Keester, OBA No. 33208
Two West Second St, Ste 700
Tulsa, OK 74103
Phone: (918) 591-5327
Fax: (918) 925-5327
Email:  bkeester@dsda.com

## *Certificate of Service*

   I hereby certify that on October 7, 2022, I electronically transmitted the attached document to the Clerk of Court using the Electronic Case Filing System. Based on the records currently on file in this case, the Clerk of Court will transmit a Notice of Electronic Filing to those registered participants of the ECF System.

            s/Kaylee Davis-Maddy

6144562.1