IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) ANDREW CHABALLA, as Next of Kin of LAVERNE SOMERS, Deceased, and ANDREW CHABALLA as Administrator of the Estate of LAVERNE SOMERS<br><br>Plaintiffs,<br><br>v.<br><br>(1) SP HEALTHCARE MANAGEMENT LLC<br><br>(2) MIDWEST GERIATRIC MANAGEMENT, LLC<br><br>(3) JUDAH BIENSTOCK<br><br>Defendant(s). | Case No. 5:22-cv-00772-F<br><br>JURY TRIAL DEMANDED |

## JOINT STATUS REPORT AND DISCOVERY PLAN

Date of Conference: December 1, 2022, at 9:15am.

Appearing for Plaintiff: Jonathan Steele

Appearing for Defendant: Kaylee Davis-Maddy

### Jury Trial Demanded X  -  Non-Jury Trial ☐

1. **BRIEF PRELIMINARY STATEMENT**. State briefly and in ordinary language the facts and positions of the parties to inform the judge of the general nature of the case.

- Laverne Somers ("Resident") died on October 26, 2020, from an avoidable fall and resulting occipital globe fracture at South Pointe Rehabilitation and Care Center, an Oklahoma skilled nursing facility located at 5725 S Ross Ave, Oklahoma City, OK 73119 ("The Facility). Resident was a resident at South Pointe Rehabilitation and Care Center from July 22, 2020, through October 22, 2020. Plaintiffs also contend defendants understaffing at the South Pointe Rehabilitation and Care Center caused the fall.

- Defendant SP Healthcare Management, LLC ("SP") denies all liability as there is no negligence and the care and treatment of Ms. Somers was appropriate. Defendant Midwest Geriatric Management, LLC denies all liability and further confirms it has no hand in providing care to any residents and there is no duty owed to Ms. Somers by it; it only provides certain management services to SP. Defendant Judah Bienstock denies all liability and further confirms he has no hand in providing care to any residents, has no duty to Ms. Somers, and is only in the case based on his relationship as an owner of SP, which is contrary to Oklahoma law.

2. **JURISDICTION**.  State the basis on which the jurisdiction of the Court is invoked and any presently known objections.

- Diversity Jurisdiction.  Plaintiff is a citizen of Oklahoma and defendants are citizens other states.  No objections.

2. **STIPULATED FACTS**.  List stipulations as to all facts that are not disputed, including jurisdictional facts.

- South Pointe Rehabilitation and Care Center is a skilled nursing facility located in Oklahoma City, Oklahoma.

- Laverne Somers, was a resident of South Pointe Rehabilitation and Care Center from July 22, 2020, through October 22, 2020, and other various times. The 2020 time period is the residency at issue within this litigation.

- Each member of each defendant LLC is a citizen of a state other than Oklahoma.

- Defendant Judah Bienstock is a citizen of Missouri.

- Plaintiff is a citizen of Oklahoma.

4. **CONTENTIONS AND CLAIMS FOR DAMAGES OR OTHER RELIEF SOUGHT**.

   a. <u>Plaintiff</u>:

   - Plaintiff contends Defendants caused Ms. Somers's fatal fall by failing to (1) properly assess her risk of falls; (2) implement or provide the appropriate interventions to prevent her from falling; (3) monitor or evaluate Resident's Care Plan to see if the interventions prescribed were working; or (4) monitor her fall risk. Plaintiff contends Defendants' failure to provide sufficient nursing staff to meet the needs of Ms. Somers and the other residents caused the above-described negligent actions, and in turn her fall and death.

   - Plaintiff claims actual, compensatory and punitive damages under theories of ordinary negligence and statutory violation of enumerated rights and negligence per se under the Nursing Home Care Act.

   b. <u>Defendant</u>:

   - Defendants each seek judgment in their favor and dismissing Plaintiff's claims with prejudice, and that they be awarded their fees, costs and such other and further relief which the Court may deem appropriate.

5. **APPLICABILITY OF FED. R. CIV. P. 5.1 AND COMPLIANCE**.
   Do any of the claims or defenses draw into question the constitutionality of a federal or state statute where notice is required under 28 U.S.C. § 2403 or Fed. R. Civ. P. 5.1?
   ☐ Yes  x No

6. **MOTIONS PENDING AND/OR ANTICIPATED** (include date of filing, relief requested, and date responsive brief to be filed).

   - The parties will file joint motions to disclose protected health information and for protective order.

   - Plaintiff anticipates a potential motion to compel discovery motion.

   - Defendants anticipate dispositive motions.

7. **COMPLIANCE WITH RULE 26(a)(1)**. Have the initial disclosures required by Fed. R. Civ. P. 26(a)(1) been made?  ☐ Yes    x No

If "no," by what date will they be made? January 14, 2022.

8. **PLAN FOR DISCOVERY**.

   A. The discovery planning conference (Fed. R. Civ. P. 26(f)) was held on November 29, 2022.

   B. The parties anticipate that discovery should be completed within 12 months after initial disclosures.

   C. In the event ADR is ordered or agreed to, what is the minimum amount of time necessary to complete necessary discovery prior to the ADR session? 8 months.

   D. Have the parties discussed issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced, pursuant to Fed. R. Civ. P. 26(f)(3)(C)?

      x Yes  ☐ No

   E. Have the parties discussed issues relating to claims of privilege or of protection as trial-preparation material pursuant to Fed. R. Civ. P. 26(f)(3)(D)?

      x Yes  ☐ No

      To the extent the parties have made any agreements pursuant to Fed. R. Civ. P. 26(f)(3)(D) and Fed. R. Civ. P. 502(e) regarding a procedure to assert claims of privilege/protection after production and are requesting that the court include such agreement in an order, please set forth the agreement in detail below and submit a proposed order adopting the same.

- Yes, the Agreed Protective Order submitted for Court approval states:

    o Disclosure of Confidential Information Covered by Attorney-Client Privilege or Work Product. Whether inadvertent or otherwise, the disclosure or production of any information or document that is subject to an objection on the basis of attorney-client privilege or work-product protection, including, but not limited to, information or documents that may be considered Confidential Information under the Protective Order, will not be deemed to waive a party's claim to its privileged or protected nature or estop that party or the privilege holder from designating the information or document as attorney-client privileged or subject to the work product doctrine at a later date. Any party receiving any such information or document must return it upon request to the producing party. Upon receiving such a request as to specific information or documents, the receiving party must return the information or documents to the producing party within ten (10) days, regardless of whether the receiving party agrees with the claim of privilege and/or work-product protection. Disclosure of the information or document by the other party prior to such later designation will not be deemed a violation of the provisions of this Order.  Although the provisions of this section constitute an order pursuant to Rule 502(d) and (e) of the Federal Rules of Evidence, and will be construed in a manner consistent with the maximum protection provided by said rule, nothing in this Order is intended or will be construed to limit a party's right to conduct a review of documents, including electronically-stored information, for relevance, responsiveness, or segregation of privileged or protected information before production.

    F. Identify any other discovery issues which should be addressed at the scheduling conference, including any subjects of discovery, limitations on discovery, protective orders needed, or other elements (Fed. R. Civ. P. 26(f)) which should be included in a particularized discovery plan.

    None at this time.

9. **ESTIMATED TRIAL TIME**: 7 days.

10. **BIFURCATION REQUESTED**:  ☐ Yes  X No

11. **POSSIBILITY OF SETTLEMENT**:    ☐ Good    x Fair ☐ Poor

12. **SETTLEMENT AND ADR PROCEDURES**:

    A. Compliance with LCvR 16.1(a)(1) - ADR discussion:   x Yes   ☐ No

    B. The parties request that this case be referred to the following ADR process:

       x Court-Ordered Mediation subject to LCvR 16.3
       ☐ Judicial Settlement Conference
       ☐ Other _____
       ☐ None - the parties do not request ADR at this time.

13. Parties consent to trial by Magistrate Judge?  ☐ Yes    x No

14. Type of Scheduling Order Requested. x Standard - ☐ Specialized (If a specialized scheduling order is requested, counsel should include a statement of reasons and proposal.)

Submitted this November 29, 2022.

/s/ Jonathan Steele
Counsel for Plaintiff


/s/ Kaylee Davis-Maddy
Counsel for Defendant