## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **(1)   ANDREW CHABALLA, as Next of Kin of LAVERNE SOMERS, Deceased, and ANDREW CHABALLA as Administrator of the Estate of LAVERNE SOMERS**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**(1)   SP HEALTHCARE MANAGEMENT LLC**<br><br>**(2)   MIDWEST GERIATRIC MANAGEMENT, LLC**<br><br>**(3)   JUDAH BIENSTOCK**<br><br>**Defendant(s).** | **Case No.  5:22-cv-00772-F**<br><br><br>**JURY TRIAL DEMANDED** |

### AGREED PROTECTIVE ORDER/ANTI-DISSEMINATION ORDER

The parties have agreed to the provisions of this Agreed Protective Order/Anti-Dissemination Order in this action. The Court finds, pursuant to FED. R. CIV. P. 26(c), that good cause has been shown for entering this Agreed Protective Order/Anti-Dissemination Order.

**IT IS HEREBY ORDERED AS FOLLOWS:**

1.     **Definitions.**   The following terms shall have the meanings ascribed below for purposes of this Protective Order:

a.      "Parties" shall include all parties now named or hereafter joined as plaintiff or defendants in this action, and shall include all officers, trustees, and employees of the parties.

b.      "Producing party" includes all parties to the litigation as well as any non-party who is producing discovery materials.

c.      "Document" shall have the full meaning ascribed to it in Fed. R. Civ. P. 34.

d.      "Furnish" shall mean to provide, file, or deliver for inspection or review to any person or persons, whether voluntarily or involuntarily, whether pursuant to discovery, pre-trial exchange, or otherwise, in prosecution or defense of this action, or to give testimony or statements of any kind, whether voluntarily or involuntarily, and whether in deposition or in court proceeding.

e.      "Person" shall mean any individual, corporation, partnership, association, unincorporated organization or other entity.

f.      **"Confidential Information:** shall mean the contents of any document or transcript of testimony which shall have been designated as "Confidential" by the Producing Party.  The Producing Party may designate documents or information, or a portion of a document or information, as "Confidential" only if it has a good faith basis for asserting that the designated portion of the document or information is private personal information, or constitutes non-

public corporate, commercial, financial, research, development, planning, or other proprietary information.

2.      If a document is designated **Confidential,** each page of the document containing Confidential Information shall be clearly marked "Confidential" at the time the document is produced or disclosed.  Portions of testimony may be designated "Confidential" by noting it on the record, or by designating portions of the transcript within 30 days after the transcript is made available for review and correction. However, testimony regarding Confidential documents or information contained in those documents is automatically deemed Confidential.  The terms of this Protective Order apply to any confidential documents and information produced before or after it is entered and the terms of this Protective Order shall be binding upon the parties to this action and their counsel, as well as on any deponents or trial witnesses in this action and their counsel.  Confidential documents and information shall only be used for purposes of this litigation and for no other purpose.  **All parties and their attorneys and all deponents and trial witnesses and their attorneys shall take all necessary and proper steps to preserve the confidentiality of Confidential documents and information.**

3.      Unless otherwise ordered by the Court, **Confidential** documents and information may be disclosed only as follows:

> (a)     to the Parties, subject to the terms of paragraph 4;

(b)    to the counsel of record to the Parties in this action, including

support personnel and any regular and temporary employees and service vendors of

such counsel, including outside litigation support services, so long as all such persons

are informed of this Protective Order and agree to its terms;

(c)    to independent experts and consultants (including support

personnel) who are providing advice in connection with the litigation, trial

preparation or trial of this litigation, subject to the terms of paragraph 4;

(d)    to the actual or potential witnesses in deposition and at trial,

subject to the terms of paragraph 4;

(e)    to interviewed individuals whom counsel has a good faith belief

have knowledge concerning the subject matter described in the confidential

documents and information, subject to the terms of paragraph 4;

(f)    to the Court, *in camera*, and to court reporters, including

deposition court reporters and their staff;

(g)    to any mediator or settlement master appointed by the Court or

agreed to by the parties; and

(h)    to any other person to whom the Producing Party agrees in

writing the information may be disclosed, subject to the terms of paragraph 4.

4.    Disclosure of Confidential Information to persons specified in

subparagraphs (a), (b), (c), (d), (e), and (h) of subparagraph 3 shall be permitted only

after each such person is given a copy of this Protective Order, including Exhibit A.

In no event shall Confidential Information be left in the possession of the witness.  To the extent a witness testifies regarding such Confidential Information, counsel may direct that any exhibits to the deposition transcript designated confidential be excluded from the copy of the deposition transcript provided to the deponent.

5.      Nothing in this Protective Order shall preclude any Producing Party from using its own Confidential documents and information in any manner it chooses.

6.      If Confidential documents or information are submitted to the Court in connection with a motion, trial or other proceeding, the documents and information designated Confidential shall be served on counsel for all parties and filed under seal in conformance with *ECF Policies & Procedures* Manual, § III.A. Leave of Court is required to file a document under seal, which shall be requested by filing a motion and submitting a proposed order granting the relief. If the motion is granted, the filer shall electronically file the sealed document.

7.      This Protective Order is without prejudice to and does not impair the right or ability of any party to assert in good faith that any document or information designated "Confidential" should not be treated as confidential under this Protective Order.  Any party may challenge in writing a Producing Party's designation of a document, information, or any portion thereof, as "Confidential" within thirty (30) days of its production or designation as "Confidential."  If the Producing Party does nothing or retracts the "Confidential" designation within twenty (20) days of such

written challenge, the document or information shall no longer be treated as Confidential under the terms of this Protective Oder.  If the Producing Party wishes to defend its designation of the document or information as "Confidential" it shall within twenty (20) days of such written challenge file a motion for protective order concerning the document or information at issue, with the burden of production and risk of non-persuasion resting on such Producing Party or person who asserts or maintains that confidential status is warranted.

8.      If any party receives a court order, subpoena, or other written request seeking disclosure of a Producing Party's Confidential Information, the receiving party shall immediately notify counsel for such Producing Party and provide a copy of the order, subpoena, or written request.

9.      No later than 90 days following the conclusion of all proceedings in this litigation, whether conclusion is by judgment, verdict, dismissal, appeal, or the execution of a release, whichever comes first, all Confidential Information received by any party, regardless of the form in which the information has been stored, recorded, or preserved, shall be destroyed at the destroying party's expense, *provided*  that counsel of record may retain for its files, subject to the continuing strictures of this Protective Order, copies of pleadings, affidavits, briefs, and memoranda filed in this proceeding, transcripts of all depositions taken, unless designated Confidential, and all of its own work product generated in connection with this action.

10.     Disclosure of Confidential Information Covered by Attorney-Client Privilege or Work Product. Whether inadvertent or otherwise, the disclosure or production of any information or document that is subject to an objection on the basis of attorney-client privilege or work-product protection, including, but not limited to, information or documents that may be considered Confidential Information under the Protective Order, will not be deemed to waive a party's claim to its privileged or protected nature or estop that party or the privilege holder from designating the information or document as attorney-client privileged or subject to the work product doctrine at a later date. Any party receiving any such information or document must return it upon request to the producing party. Upon receiving such a request as to specific information or documents, the receiving party must return the information or documents to the producing party within ten (10) days, regardless of whether the receiving party agrees with the claim of privilege and/or work-product protection. Disclosure of the information or document by the other party prior to such later designation will not be deemed a violation of the provisions of this Order. Although the provisions of this section constitute an order pursuant to Rule 502(d) and (e) of the Federal Rules of Evidence, and will be construed in a manner consistent with the maximum protection provided by said rule, nothing in this Order is intended or will be construed to limit a party's right to conduct a review of documents, including electronically-stored information, for relevance, responsiveness, or segregation of privileged or protected information before production.

11.     This Protective Order shall remain binding after the conclusion of this litigation unless otherwise ordered by the Court, and the Court shall retain jurisdiction over all parties and persons subject to this Protective Order for the purpose of enforcing the provisions of this Protective Order and to enter such orders as may be necessary to compel compliance and impose sanction for any violation. This Protective Order is without prejudice to and does not impair the ability or rights of any party to move for the lifting or modification of this Protective Order.

IT IS SO ORDERED this 24th day of July, 2023.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE


22-0772p004.PO.docx

**EXHIBIT A**

**NOTICE OF COURT ORDER REGARDING CONFIDENTIALITY**

In connection with your testimony, you will be shown documents that have been marked as "Confidential".  The Court has ordered that the documents marked as "Confidential" must be kept confidential.  Therefore, you may not discuss these documents, or the information they contain, with anyone outside of the deposition or hearing where you are shown the "Confidential" documents.  The only exception to this is that you may talk to your own legal counsel about these documents outside of the deposition or hearing where you are shown the "Confidential" documents.

Violations of the Court's order can be punished by contempt of court, which can include monetary fines or even jail.  If you have any questions regarding the Court's order or this notice, you are advised to consult with legal counsel.

_____

NAME

_____

DATE