UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

(1)    ANDREW CHABALLA, as
Next of Kin of LAVERNE SOMERS,
Deceased, and ANDREW
CHABALLA as Administrator of the
Estate of LAVERNE SOMERS

Plaintiffs,

v.

(1)    SP HEALTHCARE
MANAGEMENT LLC

(2)    MIDWEST GERIATRIC
MANAGEMENT, LLC

(3)    JUDAH BIENSTOCK

Defendants.

Case No. 5:22-cv-00772-F

**PLAINTIFFS' (1) APPLICATION FOR APPROVAL OF WRONGFUL DEATH
SETTLEMENT; AND (2) REQUEST FOR AN EVIDENTIARY HEARING
REGARDING THE APPORTIONMENT OF SETTLEMENT PROCEEDS
BETWEEN EACH HEIR FOR THEIR LOSS OF COMPANIONSHIP CAUSED BY
THE DEATH OF LAVERNE SOMERS**

The Plaintiffs, by and through undersigned counsel, individually and as a

representative of those persons entitled to file suit under Okla. Stat. tit. 12 § 1053, and for

their cause of action against ("Defendants"), submits this Application for Approval of a

Wrongful Death Settlement, and in further supports states and alleges as follows:

1.      "[T]he trial judge has the discretion to determine the proper division of any

recovery which is to be distributed according to a person's loss of companionship." *Socia*

*v. Traditions, Inc.*, 2005 OK CIV APP 14, ¶ 7, 109 P.3d 359, 362

2.     Plaintiff Andrew Chaballa is the surviving son of Laverne Somers ("Decedent'), who died on October 26, 2020.

3.     Plaintiffs allege Decedent was a resident at South Pointe Rehabilitation and Care Center LLC and suffered injuries as a result of the alleged negligent acts of the Defendants and sustained injuries which caused or contributed to cause Decedent's untimely death.

4.     Decedent was not married at the time of her death.

5.     Decedent was not survived by her parents.

6.     At the time of Decedent's death, Decedent was survived by the following individuals:

- **Andrew Chaballa** (Son)

- **Laura Sherman** (Daughter)

- **Linda Sherman** (Daughter)

7.     Plaintiff Andrew Chaballa is the duly appointed administrator of the Estate of Laverne Somers as evidenced by the order entered by the District Court of Oklahoma County, entered on December 29, 2020, case PB-2020-1237.

8.     Plaintiff Andrew Chaballa entered into a written engagement agreement with the undersigned counsel for the undersigned counsel's representation of the Estate of Laverne Somers Deceased, in the prosecution of claims arising out of the wrongful death of Laverne Somers.

9.      As the duly appointed administrator of the Estate of Laverne Somers, Plaintiff Andrew Chaballa has the legal capacity to act on behalf of, and assert claims of, all wrongful death claimants of Laverne Somers deceased.

10.     As the duly appointed administrator of the Estate of Laverne Somers, Plaintiff Andrew Chaballa is the proper party to compromise and settle any claims on behalf the wrongful death claimants of Laverne Somers against defendants.

11.     Plaintiff Andrew Chaballa requests that the Court set this matter for an in-person evidentiary hearing regarding the apportionment of the settlement proceeds for loss of companionship incurred by Andrew Chaballa (Son); Laura Sherman (Daughter); and Linda Sherman (Daughter)

12.     Notice of any evidentiary hearing will be provided to Laura Sherman (Daughter) and Linda Sherman (Daughter) so that they can participate if they choose.

13.     At this evidentiary hearing, Plaintiff Andrew Chaballa will introduce evidence — including but not limited to — establishing in his belief that he is entitled to 100% of the settlement proceeds as Laura Sherman (Daughter) and Linda Sherman (Daughter) had no relationship with Decedent prior to her passing while Plaintiff Andrew Chaballa lived with Decedent and provided 24-hour care and supervision until she needed to go to the nursing home.

14.     The following Exhibits to this Application will be submitted for the Court's in-camera review prior to the Wrongful Death Settlement Hearing:

- Release and Settlement Agreement ("Settlement Agreement")

- Settlement Statement containing the gross settlement; attorneys fees; expenses incurred by Plaintiff's counsel in pursuing this litigation; outstanding statutory medical liens; and a proposed apportionment of settlement proceeds amongst the heirs;

- Proof of Service of the Notice of Hearing on Laura Sherman (Daughter) and Linda Sherman (Daughter).

- Itemized expenses incurred by Plaintiff's counsel in pursuing this litigation

- Letters Testamentary issued by the District Court of Oklahoma County, entered on December 29, 2020, case PB-2020-1237 making Plaintiff Andrew Chaballa the duly appointed administrator of the Estate of Laverne Somers.

- Investigative summary for attempts to locate heirs Linda Sherman and Laura Sherman

15.     Due to the confidential nature of this settlement, Plaintiff Andrew Chaballa will request that the Settlement Statement be withdrawn by counsel of record after the Court's review and consideration of the same and shall not be included as part of the public filing of this pleading.

16.     Plaintiff Andrew Chaballa employed Steele Law Firm II, LLC as attorneys to assist in the prosecution of the above cause of action; said attorneys have now fully investigated both law and facts pertinent to the above-captioned cause of action.

17.     Steele Law Firm II, LLC obtained Plaintiff's permission to employ Fulda Law, PLLC as local counsel in this matter.

4

18.     Plaintiff, on behalf of all wrongful death claimants, has undertaken a full investigation and comprehensive study of all of the facts, circumstances and events surrounding the death of Laverne Somers.

19.     Upon advice of counsel and after due consideration of the facts, circumstances, claims and damages, Plaintiff Andrew Chaballa believes that it is in the best interest of all wrongful death claimants of Laverne Somers that these disputed claims against defendants be compromised and settled for an equitable and fair settlement, which would be immediately collectable rather than to pursue litigation against defendants, and submit the issues of liability and damages to a jury or to a Judge.

20.     Even though Defendants have and do now deny any liability of any kind or character to Plaintiff, the parties have agreed to a compromised settlement, the terms of which are set out in the **Settlement Agreement**, wherein Defendants have agreed to settle the above-captioned cause of action for the sole consideration stated therein.

21.     Therefore, Plaintiff Andrew Chaballa requests that this Court approve the proposed compromise and settlement for the consideration stated in the **Settlement Agreement**.

22.     Based on the evidence which will be elicited at the Wrongful Death Settlement Approval Hearing, Plaintiff Andrew Chaballa also asks this Court to apportion the net proceeds of the settlement amount as set forth in the **Settlement Statement** which will also be introduced as an Exhibit at the Wrongful Death Settlement Hearing.

23.     Plaintiff Andrew Chaballa further asks this Court to issue an Order requiring the disbursement of the settlement proceeds, after the deduction of the attorneys' fees, case expenses, and any liens held, as set forth in the **Settlement Statement**.

24.     Plaintiff Andrew Chaballa finally requests that this Court approve the attorneys' fees and expenses payable to Steele Law Firm, LLC, as listed in the **Settlement Statement**, **Expense Report**, and pursuant to the terms of the **Contract for Employment of Attorneys**.

25.     Plaintiff Andrew Chaballa states to the Court that under all of the circumstances, the proposed settlement is fair and reasonable.  Plaintiff Andrew Chaballa further states that the approval of this proposed settlement would be in the best interest of all the parties herein and Plaintiff Andrew Chaballa requests that the Court approve this proposed settlement with Defendants.

**WHEREFORE**, Andrew Chaballa, Special Administrator of the Estate of Laverne Somers deceased, on behalf of all wrongful death claimants of Laverne Somers, prays that this Court issue an Order:

1) Approving the compromise settlement of all claims in favor of all wrongful death claimants of Laverne Somers and against defendants as listed in the **Settlement Statement**,

2) Approve of the disbursement of proceeds from the settlement with Defendant as listed in the **Settlement Statement.**

3) Approve the attorney fee paid to Steele Law Firm II, LLC as listed in the **Settlement Statement**, as reasonable, consistent with the Engagement Agreement, consistent with the results achieved.

4) Approve the expenses incurred by the Steele Law Firm II, LLC as listed in the **Settlement Statement**, as reasonable, consistent with the Engagement Agreement, and consistent with the results achieved.

WHEREFORE, Plaintiff, by and through counsel, moves this Court for a Order approving the terms and conditions of the Agreement entered in compromise and settlement of all claims against Defendants for the alleged wrongful death of Decedent and the apportionment of settlement proceeds; payment of attorneys' fees and expenses as listed Settlement Statement provided to the Court at the evidentiary hearing.

Respectfully submitted,

/s/ *Ryan J. Fulda*
Ryan J. Fulda
OK Bar Number: 21184
Fulda Law, PLLC
1800 South Baltimore Avenue, Suite 420
Tulsa, Oklahoma 74119
Phone & Fax: (918) 550-8109
rfulda@fuldalaw.com

/s/ *Jonathan Steele*
Jonathan Steele, KS #24852
*Admitted Pro Hac Vice*
STEELE LAW FIRM II LLC
2029 Wyandotte, Suite 100
Kansas City, MO 64108
Phone: (816) 466-5947
jonathan@nursinghomeabuselaw.com

**Attorneys for Plaintiffs**

## CERTIFICATE OF SERVICE

I hereby certify that the below-signed Attorney signed the original of the above and foregoing and is maintaining the original copy at said Attorney's office, and that on July 1, 2024 a copy of the above and foregoing was forwarded for service to a Court appointed process server.

*/s/ Jonathan Steele*
Attorney for Plaintiff(s)