# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANDREW CHABALLA, as Next of Kin of LAVERNE SOMERS, Deceased, and ANDREW CHABALLA, as Administrator of the Estate of LAVERNE SOMERS,<br><br>    Plaintiffs,<br><br>-vs-<br><br>SP HEALTHCARE MANAGEMENT LLC, MIDWEST GERIATRIC MANAGEMENT LLC, and JUDAH BIENSTOCK,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Case No. CIV-22-772-F<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **ORDER**

The court is in receipt of Plaintiffs' (1) Application for Approval of Wrongful Death Settlement; and (2) Request for an Evidentiary Hearing Regarding the Apportionment of Settlement Proceeds Between Each Heir for Their Loss of Companionship Caused by the Death of Laverne Somers.  Doc. no. 48.

An in-person evidentiary hearing regarding the approval of the terms and conditions of the wrongful death settlement and the apportionment of the settlement proceeds for loss of companionship incurred by Andrew Chaballa, Laura Sherman and Linda Sherman is hereby set for November 1, 2024, at 1:30 p.m.  Plaintiffs shall provide a list of witnesses and exhibits to the non-party claimants, Laura Sherman and Linda Sherman, not later than October 7, 2024.  Any witnesses and exhibits the

non-party claimants, or either of them, may wish to call or offer at the hearing must be listed (and lists provided to plaintiffs' counsel) not later than October 7, 2024.

As agreed by plaintiffs in the application and request, notice of the in-person evidentiary hearing must be provided to both Laura Sherman and Linda Sherman. That notice will consist of copies of the instant motion, doc. no. 48, and this order. Proof of personal service of those documents shall be filed not later than August 1, 2024.

The court concludes, preliminarily:

A. That copies of the following materials (which plaintiffs state they intend to submit to the court) should be provided to Laura Sherman and Linda Sherman not later than 21 days prior to the hearing: (1) the Release and Settlement Agreement referred to in paragraph 14 of the motion, (2) the Settlement Statement referred to in paragraph 14 of the motion, (3) the Letters Testamentary referred to in paragraph 14 of the motion, (4) the investigative summary for attempts to locate heirs, also referred to in paragraph 14 of the motion, and (5) any other documents or other evidentiary materials plaintiffs will or may offer in support of their contention that plaintiff Andrew Chaballa, individually, is entitled to 100 percent of the settlement proceeds.

B. That copies of the following materials should be provided to plaintiffs by Laura Sherman and Linda Sherman not later than 10 days prior to the hearing: All documents those respective claimants would rely upon in support of any contention that they, or either of them, should receive a portion of the settlement proceeds.

Any party or non-party claimant objecting to producing documents to an opposing party or non-party claimant as set forth above shall file an objection, with

supporting memorandum, not later than September 3, 2024.[1]  Response to any such objection shall be filed not later than ten days after the date of filing of the objection.

**The court strongly encourages the parties and non-party claimants to make every effort to negotiate in good faith with a view to resolving the distribution issues by agreement.**

IT IS SO ORDERED this 9th day of July, 2024.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

22-0772p011.docx

---

[1] Copies of any documents as to which a party or non-party claimant may object to providing as set forth in (A) and (B), above, shall be delivered to the Courtroom Deputy assigned to the undersigned judge for *in camera* review within five days after the date of filing the objection.